UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| SANTIAGO GAMBOA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-10-34 |
| § | |
| GRISELDA KICHEFSKI, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER OF SEVERANCE AND TRANSFER

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Santiago Gamboa is currently housed at the McConnell Unit in Beeville, Texas.

In his complaint, plaintiff alleges that, in 2007-2008, while housed at the Rosharon I Unit in Brazoria County, defendant Griselda Kichefski, a teacher with the Wyndham School District, using words and touches, made sexual advances toward him. When she discontinued her sexual advances, plaintiff wrote Kichefski a letter which she gave to prison authorities. The letter was used to prosecute plaintiff for the disciplinary offense of attempting to have a relationship with a TDCJ-CID staff member. In response to the disciplinary case, plaintiff complained of the sexual advances made by defendant Kichefski. Plaintiff further alleges that, in order to cover up the misbehavior of defendant Kichefski, defendant Warden Turboarriate transferred him in to the Eastham Unit in June 2008. Once he arrived at the Eastham Unit, defendant Clark refused to provide any psychiatric services to him to treat the mental and emotional trauma which resulted from

the mistreatment by Kichefski and Turboarriate (D.E. 1). None of the claims about which plaintiff complains occurred at the McConnell Unit.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In addition, for the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

In this case, defendants Kichefski and Turboarriate are TDCJ-CID officials who work in Rosharon, Texas, which is located in Brazoria County, Texas, and the events about which plaintiff complains occurred in Brazoria County. (D.E. 1). Brazoria County lies within the Galveston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(1). Jurisdiction over defendants Kichefski and Turboarriate is properly found in the Galveston Division of the Southern District of Texas. 28 U.S.C. § 1391(b).

On the other hand, defendant Clark is a TDCJ-CID official at the Eastham Unit in Lovelady, Texas, which is in Houston County, Texas, and the events about which plaintiff complains occurred in Houston County. Houston County lies within the Lufkin Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(6). Jurisdiction over defendant Clark is properly found in the Lufkin Division of the Eastern District of Texas.

Accordingly, it is ordered that all claims against defendant Clark be severed and transferred to the United States District Court for the Eastern District of Texas, Lufkin

Division.  All claims against defendants Kichefski and Turboarriate are transferred to United States District Court for the Southern District of Texas, Galveston Division.

SIGNED and ORDERED this 2nd day of February, 2010.

_____
Janis Graham Jack
United States District Judge